UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DARYL ALTMAN and ROBERT SHEPARD.,

                     Plaintiffs,

        - against-

THE INCORPORATED VILLAGE OF LYNBROOK,
ALAN C. BEACH, HILARY H. BECKER, MICHAEL N.
HAWXHURT, ANN MARIE REARDON, each individually
and who serve collectively as the Board of Trustees of the
Incorporated Village of Lynbrook, THE BOARD OF
TRUSTEES OF THE INCORPORATED VILLAGE OF
LYNBROOK, PETER K. LEDWITH, Lynbrook Village
Attorney, individually, BRYAN STANTON, Lynbrook
Village Building Department Supervisor, individually,
TERRANCE DALY, Lynbrook Village Building Inspector,
individually, NAME UNKNOWN CURTIS, Lynbrook
Village Building Inspector, individually, NAME
UNKNOWN TAYLOR, Lynbrook Village Code
Enforcement Official, individually, WALTER BLOHM,
and JOHN DOE NUMBERS 1 THROUGH 5, said
individuals being not yet ascertained,

                     Defendants.
----------------------------------------------------------------------X

**ORDER**
18-CV-4984 (SJF)(AKT)

**FILED**
**CLERK**

5/15/2020 2:38 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

FEUERSTEIN, District Judge:

      Pending before the Court are the objections of Defendants ("Defs' Obj."), Docket Entry ("DE") [31] to the Report and Recommendation (the "Report"), DE [30], of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated March 31, 2020. In the Report, Magistrate Judge Tomlinson recommends that Defendants' motion be treated as made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and that it be denied. Plaintiffs have filed a response to Defendants' objections. Plaintiffs' Response ("Pls' Resp."), DE [32]. For the reasons set forth below, Defendants' objections are overruled, and the Report is accepted in its entirety.

**I. STANDARD OF REVIEW**

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). However, the Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2 435 (1985). In addition, general objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.,* 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted). Objections are reviewed under the clear error standard where a party has filed objections that simply restate its original arguments rather than identifying a specific error in the Report or assert only conclusory or general objections. *See, e.g., Harris v. TD Ameritrade, Inc.,* 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (noting that *de novo* determination is only required "to the extent that a party makes specific objections to a magistrate's findings"). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

**II. OBJECTIONS**

In their objections, Defendants argue that Magistrate Judge Tomlinson erred in: (1) failing to convert the motion to one for summary judgment, Defs' Obj. at 2-3; (2) stating that

2

Defendants had "gloss[ed] over Plaintiff's individual causes of action" and only challenge the procedural due process claim, when, according to Defendants, the "success of each of plaintiff's claims rests solely upon the validity of the Warrant issued," *id.,* at 3-4*;* and (3) finding that the Defendants failed to advance any argument against the imposition of *Monell*[1] liability and thus concluding that the claim could proceed when, according to Defendants, such analysis by them was "unnecessary." *Id.* at 4. Plaintiffs respond to Defendants' objections, arguing, *inter alia,* that: (1) only limited discovery has been conducted and therefore Plaintiffs would be unable to oppose a Rule 56 motion, Pls' Resp. at 4; (2) their claims do not rest on the constitutionality of the warrant, and even if they do, the Report determined that the procedural due process claim should survive the motion to dismiss and thus the other claims would survive as well, *id.* at 5; and (3) the Report found that the Plaintiffs had alleged facts demonstrating that at least one individual defendant had decision-making authority and thus the *Monell* claim should stand. *Id.* at 6.

Upon *de novo* review of the Report and consideration of the motion papers, Defendants' objections to the Report and Plaintiffs' responses thereto, the objections are overruled and the Report is accepted in its entirety.

Defendants argue, *inter alia,* that their motion should be converted to one for summary judgment because the undersigned had specifically directed the parties to conduct limited discovery, and that the parties had completed that discovery as directed. The limited discovery directed by this Court was focused upon furthering the possibility that the matter might be resolved prior to the conduct of motion practice or lengthy litigation, and was not intended to

---

[1] *Monell v. N.Y. City Dep't of Soc. Servs.,* 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).

3

constitute the entirety of discovery in this matter. In an exercise of its discretion and given the circumstances, conversion of the motion to summary judgment is not appropriate ant the motion is properly considered pursuant to Rule 12(c).

The remaining objections are similarly unavailing. Defendants' second objection appears to dispute a sentence in the Report that characterizes the scope of Defendants' motion, but does not raise any specific objection to a particular finding or recommendation made by the magistrate judge.   Finally, Defendants object to the recommendation that the *Monell* claim be allowed to proceed, but have provided no substantive or legal basis in support of dismissing that claim, either in their motion papers or in their objections.

### III.  CONCLUSION

For the foregoing reasons, Defendants' objections are overruled, the Report is accepted in its entirety, and Defendants' motion to dismiss. DE [25], is denied.

**SO ORDERED**.

 /s/ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
　　　 May 15, 2020

4